IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GABRIELA BOGNER, et al., individually and on behalf of those similarly situated | § § § | |
| V. | § § | A-14-CV-189 LY |
| RIO EQUITY, LLC. et al. | § § | |

## ORDER

Before the Court are Defendants' Motion for Protective Order and Motion to Quash (Dkt. No. 30); Nonparties' Motion to Quash and Motion for Protective Order (Dkt. No. 32), as well as the associated response and reply (Dkt. Nos. 39 & 42). The District Court referred the above motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of this Court.

Defendants seek a Protective Order under Rule 26(c) and ask the Court to stay the deadlines for Defendants to respond to pending discovery, pending the Court's ruling on Defendants' Motion to Dismiss (Dkt. No. 11). In that motion, Defendants seek dismissal based on a Rule 68 offer of judgment, contending that the offer of judgment moots Plaintiffs' federal claims, and deprives the Court of jurisdiction.

Additionally, Defendants seek an order quashing three nonparty subpoenas issued to Rio's current manager, its contract bookkeeper, and its former manager. Defendants assert that the subpoena requests are duplicative of requests already served on Defendants and would allow Plaintiffs to "enjoy an end-run around traditional discovery deadlines and the Confidentiality and Protective Order." Defendants also contend that the requests seek work product owned by Rio and Rio's sensitive financial information. James Brown, the current General Manager of Rio, and Scott Hillen, Rio's contract bookkeeper, have filed separate motions to quash, which adopt all of

Defendants' arguments. Johanna Flink, a former manager, has not objected to the subpoena served on her.

A district court may issue a protective order for good cause, in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. FED.R.CIV.P. 26(c). "A party seeking a Rule 26(c) protective order prohibiting . . . document production must establish good cause and a specific need for protection." *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). Defendants have failed to provide the Court with legal grounds or good cause to stay discovery until the motion to dismiss is resolved. In fact, Plaintiffs maintain that the discovery they seek is intended for the express purpose of establishing the inadequacy of Defendants' offer of judgment, and therefore, to challenge the validity of Defendants' contention that the FLSA claims in this case are moot. Though the Court has not yet heard arguments on the motion to dismiss, it tends to agree with Plaintiffs that discovery may be necessary to determine whether in fact the offer of judgment is sufficient to moot the federal claims. Further, even if the Court ultimately determines that the federal claims are moot, and if it further determines that it should decline to exercise supplemental jurisdiction over the remaining claims, it is clear that this litigation will continue thereafter. Thus, whatever discovery may be conducted before the motion to dismiss is decided will plainly still be pertinent, if not essential, to the case as it proceeds in another forum, and thus the work on that discovery will not be wasted effort.

With regard to the three nonparty subpoenas, to the extent Defendants have already produced the identical information requested, Defendants and the non-parties can rely on that production in their response to the subpoenas, thereby avoiding any duplication of effort. Defendants' argument

that Plaintiffs are attempting to compress the discovery deadline is moot because Defendants' responses were due on May 27, 2014, a date that has passed. Finally, Plaintiffs have agreed to extend the terms of the Confidentiality and Protective Order to documents produced in response to the nonparties' subpoenas, thereby rendering any concerns about confidentiality moot as well.

**ACCORDINGLY,** it is **ORDERED** that Defendants' Motion for Protective Order and Motion to Quash (Dkt. No. 30) and Nonparties' Motion to Quash and Motion for Protective Order (Dkt. No. 32) are **DENIED.** Documents responsive to the respective subpoenas duces tecum shall be produced to Plaintiffs on or before 5:00 p.m., June 13, 2014.

SIGNED this 11th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE